UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL MANGIARACINA and RANEE CHALOEICHEEP,<br><br>Plaintiffs,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a corporation; NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK; CONTRA COSTA TRANSPORTATION AUTHORITY; CONTRA COSTA COUNTY<br><br>Defendants. | Case No. 3:16-cv-05270-JST (JSC)<br><br>**ORDER GRANTING MOTION TO WITHDRAW ADMISSION**<br><br>Re: Dkt. No. 123 |

One the eve of the close of fact discovery, Plaintiffs supplemented their response to Defendant Contra Costa County's Request for Admission No. 12 to "admit" rather than "deny" the statement. Plaintiffs now move to withdraw their response and instead state that they admit that Contra Costa does not own the roadway but deny that Contra Costa does not control the roadway. After carefully considering the parties' written submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L. R. 7-1(b), and GRANTS the motion.

A party may be permitted to withdraw or amend an admission if the court finds the withdrawal will aid in presenting the merits of the case and that no substantial prejudice to the party who requested the admission will result from allowing the admission to be withdrawn or amended. Fed. R. Civ. Pro. Rule 36(b); *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). Both parts of the test are met here.

First, permitting amendment of the admission will aid in presenting the merits of the case.

Defendant Contra Costa's motion for summary judgment relies, in part, on the admission in arguing that it is not liable as a matter of law. *See Conlon*, 474 F.3d at 622 ("The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.") (internal quotation marks and citation omitted). Contra Costa's insistence that the evidence is insufficient to support a finding that it controlled the roadway at issue is a summary judgment argument; it in no way suggests that this Court should exercise its discretion to prevent the merits of the parties' respective positions from being presented to the district court.

Second, the lack of prejudice part of the test is also met here. Contra Costa, as the party relying on the admission, bears the burden of proving prejudice. *See Conlon*, 474 F.3d at 622. Contra Costa simply ignores that burden in its opposition. In any event, Contra Costa is not prejudiced by allowing Plaintiffs' proposed amendment.

> The prejudice contemplated by Rule 36(b) is "not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence" with respect to the questions previously deemed admitted.

*Id.* (internal quotation marks and citation omitted). As Plaintiffs maintained the denial of Request for Admission No. 12 until just before the fact discovery cut-off, Contra Costa was on notice to develop the facts related to this issue during discovery. Indeed, their summary judgment motion and factual presentation in connection with this motion demonstrate that they did so.

As granting Plaintiffs' motion will facilitate a decision on the merits of Plaintiffs' claims against Contra Costa, and as Contra Costa will not be prejudiced by allowing amendment of the admission, the Court in its discretion GRANTS Plaintiffs' motion.

Two other matters require comment. First, Contra Costa complains that Plaintiffs did not meet and confer before filing its motion. Plaintiffs should have done so. This is a discovery dispute, and the district court's and this Court's standing orders require parties to meet and confer before a discovery dispute is brought to the courts' attention. However, after receiving the motion, Contra Costa chose to oppose; thus, in this unique situation where a narrow dispute is presented

2

the Court finds that a meet and confer would not have made a difference and therefore declines to deny Plaintiffs' motion on this ground.

Second, Plaintiffs' explanation as to why the supplemental response to Request for Admission No. 12 was erroneous is that the attorney preparing the response was not aware of Contra Costa's footnote definition. What is troubling, however, is that she is not the attorney that signed the supplemental response and the attorney that did sign the supplemental response apparently played no role in its review, at least no explanation is given as to why she signed the supplemental response even though it apparently contradicted Plaintiffs' theory of the case. Again, it is not a reason to deny the motion as Contra Costa was not prejudiced by the error; however, the Court expects that all counsel will review discovery responses which they sign. *Cf.* Fed. R. Civ. P. 11(b).

This Order disposes of Docket No. 123

**IT IS SO ORDERED.**

Dated: August 13, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge