UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL MANGIARACINA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BNSF RAILWAY COMPANY, et al.,<br><br>Defendants. | Case No. 16-cv-05270-JST<br><br>**ORDER DENYING EX PARTE MOTION FOR RELIEF FROM UNTIMELY DISCLOSURE**<br><br>Re: ECF No. 207 |

Now before the Court is Plaintiffs' Joel Mangiaracina and Ranee Chaloeicheep's motion for relief from untimely disclosure. ECF No. 207. Plaintiffs seek the right to introduce the supplemental expert reports and accompanying testimony of their medical, vocational rehabilitation, and economist experts. Because the Court finds that late disclosure of these materials was neither substantially justified nor harmless, the Court will exclude the testimony in question and deny the motion.

The Court's Amended Scheduling Order set the expert disclosure deadline for June 8, 2018. ECF No. 86. With regard to expert discovery, "[t]he parties . . . agreed to forego expert depositions and proceed on reports and files only; with the exchange of expert files to take place on October 25, 2021." ECF No. 207 at 3. The parties made their required expert disclosures on June 8, 2018.

Trial was originally set for January 29, 2018, ECF No. 48, but was continued or vacated several times, either at the request of the parties or because of the COVID-19 pandemic. ECF Nos. 59, 84, 119, 147, 160, 162, 174. Jury selection is now scheduled for November 8, 2021, five days from today. ECF No. 174.

Plaintiffs' medical expert Dr. Alex Barchuk, who had examined Plaintiff Mangiaracina

prior to the original expert disclosure deadline, reexamined him on September 30, 2021 to determine whether Dr. Barchuk's expert opinion still accurately reflected Mangiaracina's condition. ECF No. 207 at 3.[1] "After the visit, Dr. Barchuk opined that Plaintiff has a curtailed work-life expectancy (which was a departure from his initial opinion)." *Id.* "Dr. Barchuk prepared a supplemental report to reflect this." *Id.* Plaintiff Mangiaracina then asked his vocational rehabilitation and economist experts to supplement their reports to reflect Dr. Barchuk's new and additional opinion. *Id.*

Plaintiffs produced to BNSF supplemental expert reports from Dr. Barchuk and Plaintiffs' retained life care planner, Carol Hyland, on October 21, 2021. They produced an amended report from economist James Mills on October 29, 2021.[2] In the aggregate, these reports opine that Plaintiff Mangiaracina's "work life is restricted to 3-5 more years" instead of his normal retirement age and increase his special damages from $3,123,680 to $4,879,922. ECF No. 213 at 1; *see also* ECF No. 210 at 2.

Plaintiffs contend that the late disclosure of these reports was substantially justified because "Dr. Barchuk saw Plaintiff on September 30, 2021, and it took Dr. Barchuk and Carol Hyland time to supplement their reports to contemplate the results of this appointment." ECF No. 207 at 4. They contend there is no prejudice to Defendant because "[t]he parties agreed to forego expert depositions and proceed on the reports. Therefore, Defendant just has to provide the supplemental reports to their experts so their experts can rebut or otherwise respond." *Id.* They ask the Court to allow the experts to testify in accordance with their supplemental reports.[3]

BNSF asks the court to deny the motion and strike the belatedly-produced reports, or, in the alternative, to continue the trial "so that BNSF has an opportunity to conduct discovery on these new opinions and facts. In particular, BNSF should be permitted a re-examination of Mr.

---

[1] The examination may have been conducted by telephone. ECF No. 210 at 2.

[2] In its supplemental opposition, BNSF contends that "the economist[']s report has yet to emerge," but the Court assumes that Mills's is the report in question.

[3] Absent a stipulation from the parties, the Court will not admit the reports themselves, which are hearsay.

1 Mangiaracina by its retained neurosurgeon, further depositions of the Plaintiffs, and for the

2 opportunity for the defense life care, vocational rehabilitation and economics experts to reassess

3 the new information and opinions." ECF No. 210 at 3.

4 Rule 26 obligates requires a party to disclose expert reports "at the times and in the

5 sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Rule 37(c)(1) provides: "If a party

6 fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not

7 allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a

8 trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In

9 addition to, or instead of that sanction, the court may also impose any of the other appropriate

10 sanctions provided for in Rule 37. Fed. R. Civ. P. 37(c)(1)(A)-(C). "The party facing sanctions

11 bears the burden of proving that its failure to disclose the required information was substantially

12 justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th

13 Cir. 2012).

14 Rule 37(c)(1) "gives teeth" to Rule 26's disclosure and supplementation requirements,

15 including the requirement that parties disclose experts and expert reports "at the times and in the

16 sequence that the court orders." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,

17 1106 (9th Cir. 2001); Fed. R. Civ. P. 26(a)(2)(D). The Advisory Committee Notes to the 1993

18 amendments to Rule 37 describe subsection (c)(1) as a "self-executing," "automatic sanction [that]

19 provides a strong inducement for disclosure of material" that must be disclosed pursuant to Rule

20 26. Rule 37(c)(1) sanctions based on failure to disclose evidence in a timely manner may be

21 appropriate "even when a litigant's entire cause of action or defense" will be precluded. *Yeti*, 259

22 F.3d at 1106.

23 Mangiaracina has not provided substantial justification for his delay in producing these

24 supplemental reports. Assuming for the sake of argument that he needed to update his experts'

25 reports to reflect the passage of time, he provides no explanation for why he could not have

26 performed that work substantially in advance of the trial date. *Martinez v. Cty. of San Benito*, No.

27 15-CV-00331-JST, 2018 WL 1863013, at *2 (N.D. Cal. Apr. 18, 2018) ("Thus, the need for a

28 different medical expert was apparent before the March 28 deposition of Dr. O'Hara, and Martinez

United States District Court
Northern District of California

presents no explanation for why it could not have been discovered before the February 23 expert disclosure deadline."). With trial just a few days away, it is not reasonable to expect Defendant to respond to this new evidence, including by the preparation of expert rebuttal reports. Nor was there any need for this false urgency – Mangiaracina could have negotiated an amended expert discovery schedule with Defendant months ago, or, if that effort was not successful, requested an extension from the Court. *Quevedo v. Trans–Pac. Shipping, Inc.,* 143 F.3d 1255, 1258 (9th Cir. 1998) (refusing to consider expert's report because it was filed one-and-a-half months late and plaintiff could have asked for an extension of time); *Yeti,* 259 F.3d at 1106-07 (affirming exclusion of damages expert who produced expert report late because "defendants could have . . . asked for an extension of the discovery deadline").

The untimely disclosures also are not harmless. "Disruption to the schedule of the court and other parties in that manner is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005). In this case, the pretrial conference has already been completed, and trial is scheduled to begin in a few days. Defendant does not have enough time to respond to Plaintiffs' belated disclosures, particularly in the midst of their eve-of-trial preparation.[4]

Nor will the Court continue the trial as an alternative sanction. The Court has already invested the time and effort required to rule on the parties' motions in limine; made other pretrial rulings; and prepared a questionnaire for circulation to the prospective jurors, which many of them have now answered. If the Court continued the trial, much of this effort would be lost. Also, this case has been pending since 2016 and the trial has been continued many times. "[I]t is time for the principle that 'litigation must have an end' to prevail. *United States v. Tittjung*, 235 F.3d 330, 342

---

[4] While no finding of willfulness is required here, the Court finds that Mangiaracina's conduct was willful. "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)). "[Mangiaracina] has not persuaded the Court that the delays at issue were outside [his] control. To the contrary, [Mangiaracina's] inability to satisfy the expert disclosure deadlines in this case appear to be entirely of [his] own making." *Martinez*, 2018 WL 1863013, at *2.
4

(7th Cir. 2000).

Plaintiffs' motion is denied. The expert reports that are the subject of this motion and expert testimony based on those reports are excluded.

**IT IS SO ORDERED.**

Dated: November 3, 2021



JON S. TIGAR
United States District Judge